IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSH EVANS,<br>    Plaintiff | §<br>§<br>§<br>§<br>§<br>§ | |
| | § | CIVIL ACTION NO. 4:15-cv-00688-O |
| v. | §<br>§ | |
| BIG B. CRANE, LLC, BRUCE P.<br>BASDEN,  AND KYLE BASDEN<br>    Defendants. | §<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT & JURY DEMAND

Plaintiff, Josh Evans, files this Complaint against Defendants Big B Crane, LLC and Bruce P. Basden, and Kyle Basden and would respectfully show as follows:

## SUMMARY

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C.  206(a) & 207(a).

2.      Plaintiff, Josh Evans, is a non-exempt employee who works more than forty (40) hours in a workweek as a "Field Superintendent," for Big B Crane, LLC.

3.      Big B. Crane, LLC, Bruce P. Basden, and Kyle Basden (collectively, "Defendants") violate the FLSA by failing to pay Plaintiff time and one-half for each hour worked in excess of forty (40) per work week. The FLSA requires non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiff brings action to recover unpaid

overtime compensation under 29 U.S.C. § 206 and §216(b)

## **PARTIES AND PERSONAL JURISDICTION**

4.      Plaintiff Josh Evans ("Josh") is an employee employed by Defendants within the meaning of the FLSA.

5.      Defendant Big B. Crane, LLC is a domestic, for-profit Texas Limited Liability Company, doing business in the state of Texas. Big B. Crane is an employer under the FLSA and acted as such in relation to Plaintiff. Big B. Crane may be served with process by serving through its Registered Agent: Daniel Basden, 645 E. Renfro Street Burleson, TX 76028.

6.      Defendant Bruce P. Basden is an individual residing in the state of Texas.  Bruce P. Basden is an employer under the FLSA and acted as such in relation to Plaintiff. Bruce P. Basden may be served at his place of business at 645 E. Renfro Street Burleson, TX 76028.

7.      Defendant Kyle Basden is an individual residing in the state of Texas.  Kyle Basden is an employer under the FLSA and acted as such in relation to Plaintiff. Kyle Basden may be served at his place of business at 645 E. Renfro Street Burleson, TX 76028.

8.      This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9.      Defendants have and continue to have continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over them. Specifically, Defendant Big B. Crane, LLC is a Texas Limited Liability Company with its principal place of business in Texas and conducts business in Texas as a construction and equipment leasing company. Bruce P. Basden

and Kyle Basden reside in Texas and work for and direct operations at Big B. Crane, LLC.

## SUBJECT MATTER JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11.     Venue is proper in the Northern District of Texas because a substantial portion of the acts, conducts, and events forming the basis of this suit occurred in the Northern District of Texas.

## COVERAGE

12.     At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203 (d).

13.     At all material times, Big B. Crane, LLC has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14.     At all material times, Plaintiff was employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

15.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

16.     Defendants provided training to Plaintiff, control and have knowledge of the hours to be worked by Plaintiff, and directs the work of Plaintiff. Defendants control how each assigned task is to be performed by Plaintiff. Defendants further control the time tracking system and records of the employees.

## FACTS

17.     Big B. Crane, LLC provides construction and equipment leasing services throughout the State of Texas and employs "Field Superintendents" to perform one portion of these services.

18.     Plaintiff was employed as a Field Superintendent.

19.     As a Field Superintendent, Plaintiff's primary duties did not require significant discretion or independent judgment, and did not require specialized training or knowledge. Any decision to plan or delay jobs is not within the discretion of Field Superintendents.

20.     Accordingly, Plaintiff's primary job duties at all times were those of non-exempt employees. However, Plaintiff was regularly denied overtime compensation.

21.     For any hours over 40, Defendants failed to pay overtime in accordance with the FLSA. Plaintiff was required to work over 50 hours per week without receiving the required overtime compensation as mandated by the FLSA based on their effective rate pursuant to FLSA.

22.     Given that Defendants improperly implemented payment method, the Plaintiff was denied overtime at the rates mandated under the FLSA.

23.     Defendants' method of paying Plaintiff in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## VIOLATION OF 29 U.S.C. § 207

24.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

25.     Defendants' practice of failing to pay Plaintiff the time-and-a-half based on Plaintiff's regular rate of pay for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

26.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are

employed are applicable to the Defendants or the Plaintiff.

## WILLFUL VIOLATIONS OF THE FLSA

27.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

28.     Upon information and belief, Defendant Big B. Crane, LLC is a sophisticated business with the knowledge and expertise to know that the payment structure of the Field Superintendents is impermissible under the FLSA.

29.     Plaintiff requests this Court permit recovery for any claims within the last three years from the filing of this suit. 29 USC § 255(a).

## WAGE DAMAGES SOUGHT

30.     Plaintiff is entitled to recover his unpaid overtime compensation.

31.     Plaintiff is entitled to an amount equal to all of his unpaid minimum wages and overtime wages as liquidated damages. 29 USC § 216(b).

32.     Plaintiff is entitled to recover attorney's fees and costs as required by the FLSA. 29 USC § 216(b).

## JURY DEMAND

33.     Plaintiff hereby demands trial by jury on all issues.

## ATTORNEY FEES

34.     Plaintiff is entitled to recover his reasonable attorney's fees, costs and expenses of this action as provided by the FLSA. 29 USC § 216(b).

## **PRAYER**

35.    For these reasons, Plaintiff respectfully requests that judgment be entered in his favor awarding the following relief:

a.    Issuance of notice as soon as possible to all similarly situated employees of Defendants during any portion of the three years immediately preceding the filing of this lawsuit, informing them of their rights to participate in the lawsuit if they should so desire;

b.    Award Plaintiff unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

c.    Award Plaintiff an equal amount of unpaid wages as liquidated damages as required under the FLSA;

d.    Award Plaintiff attorney fees, costs, and expenses of this action as provided by the FLSA;

e.    Award Plaintiff prejudgment and post-judgment interest;

f.    An order requiring Defendants to correct their pay practices going forward; and

g.    Such other relief to which Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

THE VETHAN LAW FIRM, PC

By: /s/ Charles M. R. Vethan
Charles M.R. Vethan
State Bar No. 00791852
3501 Allen Parkway
Houston, TX 77019
Telephone: (713) 526-2222
Facsimile: (713) 526-2230
ATTORNEY   IN   CHARGE   FOR
PLAINTIFF